**No. 50721.**—Protests 95719–K, etc., of J. L. Hopkins & Co., Inc. (New York).

KEEFE, Judge: The merchandise in question consists of henna powder, assessed for duty by the collector at 20 percent ad valorem under paragraph 1558, Tariff

Act of 1930, as a nonenumerated manufactured article. The plaintiff claims that the merchandise is entitled to free entry under paragraph 1670, as all articles of vegetable origin used for dyeing, coloring, or staining.

The paragraphs of the Tariff Act of 1930 under consideration herein provide as follows:

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

### TITLE II—FREE LIST

PAR. 1670. Dyeing or tanning materials: Fustic wood, hemlock bark, logwood, mangrove bark, oak bark, quebracho wood, wattle bark, divi-divi, myrobalans fruit, sumac, valonia, nutgalls or gall nuts, and all articles of vegetable origin used for dyeing, coloring, staining, or tanning, all the foregoing, whether crude or advanced in value or condition by shredding, grinding, chipping, crushing, or any similar process; all the foregoing not containing alcohol and not specially provided for.

At the trial a chemist employed by the plaintiff testified that henna powder is used to tint the hair an auburn color; that the powder as imported is diluted with water to form a paste and the paste is applied to the hair; that when properly applied, it imparts a color to the hair which will not come off; that henna is the only vegetable dye that will remain indefinitely; and that it does not coat the hair but actually enters into a chemical combination with the hair to produce color.

The plaintiff contends that the merchandise comes directly within the provisions of paragraph 1670, meeting the specifications of the statute in every respect, to wit, that it is of vegetable origin, it is not advanced to a greater extent than allowed by statute, and it is used for dyeing or coloring.

The Government contends that the issue is the same as that the subject of decision in the case of Schanzenbach v. United States, T. D. 46308, involving henna in powdered form, and that said decision is stare decisis of the issue here involved.

In the Schanzenbach case, supra, the henna powder was assessed for duty at 75 percent ad valorem under paragraph 61, Tariff Act of 1930, providing for non-alcoholic preparations used as applications to the hair. It was claimed free of duty as dyeing and tanning materials under paragraph 1670, or at the rate of 10 percent ad valorem as a crude drug under paragraph 34, or as a nonenumerated article under paragraph 1558 at 10 or 20 percent ad valorem. The court there held that the powdered henna was not dutiable under paragraph 61, as assessed, because in its imported condition it was not within the common meaning of "preparation" inasmuch as water must be added thereto before it may perform its function as a preparation for the hair. In considering the paragraphs of the act under which the henna was properly classifiable, the court stated:

* * * the Congress, in framing paragraph 1670, supra, did not intend to include dyes or coloring matter for the hair. This is clearly indicated, we think, by the opening words of the paragraph, "Dyeing or tanning materials," preceding the substances enumerated. The words "Dyeing or tanning materials" we believe to be used in a commercial sense and not intended to include hair dye.
There is absolutely no proof in support of the protest claim under paragraph 34, and we do not deem the Dispensatory definition cited as even sufficient to sustain the claim that henna is now or was immediately prior to the passage of the Tariff Act of 1930 used medicinally.
There being no specific eo nomine or other provision for henna in any form in the tariff schedules, and since we have found that the imported merchandise is not classifiable either as a preparation used as an application to the hair, a dye, or a drug, we conclude that it is classifiable under the provision in paragraph 1558 as a nonenumerated article, manufactured in whole or in part, and not specially provided for, subject to duty at the rate of 20 per centum ad valorem.

In view of the foregoing decision, holding powdered henna to be properly dutiable as a nonenumerated manufactured article, as assessed by the collector herein, and no appeal having been taken therefrom, we are constrained to enter judgment in favor of the defendant.